UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UTICA MUTUAL INSURANCE CO., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:06CV00664 ERW |
| | ) |
| BANCINSURE, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

The Pre-trial Conference in this matter was held on March 5, 2007. After considering the arguments presented by the parties, the Court makes the following rulings:

In Defendant's First Motion in Limine, Defendant argues that the prior testimony of Mr. Robert Carr ("Mr. Carr"), the Examination under Oath, ("EUO"), and the October 31, 2002 and November 1, 2002 depositions, should be excluded as hearsay. Defendant argues that Plaintiff has not established that Mr. Carr is unavailable, a threshold requirement under the hearsay exception of FRE 804(b)(1). Defendant further argues that the EUO was not taken in the course of "the same of another proceeding" under Rule 804(b)(1). As to the deposition testimony of Mr. Carr, Defendant argues that BancInsure lacked any motive to cross-examine Mr. Carr regarding the issues that are presented in this case, as BancInsure and Utica were not adverse parties in the underlying case.

Plaintiff responds that BancInsure's counsel questioned Mr. Carr at the depositions at issue. Plaintiff further states that in the underlying lawsuit, BancInsure was a defendant and had the opportunity and motive to develop Mr. Carr's prior testimony, but chose not to. Finally, Plaintiff states that though BancInsure was not present at the EUO, a transcript of the

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

examination was attached as an exhibit to Mr. Carr's depositions.

The Federal Rules of Evidence defines "unavailability" of a witness as when the declarant "is absent from the hearing and the proponent of the testimony is unable to procure the witness attendance by process or other reasonable means." Fed. R. Evid. 804(a)(5). In civil cases, inability to procure the declarant's attendance by reasonable means is equivalent to inability to serve a subpoena. *See Trade Dev. Bank v. Continental Ins. Co.*, 469 F.2d 35, 42 (2d Cir. 1972) (since declarant "outside the jurisdiction, his unavailability to testify was not disputed.").

Rule 804(b)(1) provides that if a witness is unavailable, his or her "former testimony" will not be excluded as hearsay. The rule defines former testimony as:

> Testimony given as a witness at another hearing of the same of different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross or redirect examination.

Fed. R. Evid. 804(b)(1).

Here, the parties do not dispute that Mr. Carr is beyond this Court's jurisdiction. Therefore, he is considered unavailable under Rule 804(a)(5) and the threshold requirement under Rule 804(b)(1) is satisfied. The Court will decide on a question by question basis whether Defendant had the requisite motive and opportunity to develop Mr. Carr's prior testimony as to whether the losses at issue were the result of covered acts of fraud.

In Defendant's Second Motion in Limine, Defendant argues that the testimony of Ms. Christina Solomon, CPA, ("Ms. Solomon") should be excluded because she offers the Court no technical or expert assistance in determining the relevant issues in this case. Plaintiff responds

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

that Ms. Solomon's testimony falls squarely within her expertise as a CPA and Certified Fraud Examiner. The Court will permit Ms. Solomon to present her qualifications to be proffered as an expert on the issue of whether the losses in question were the result of covered acts of fraud. The Court reiterates that Ms. Solomon's proposed testimony shall not go beyond the scope of her report.

In its Motion to Exclude Plaintiff's Exhibit P1, Defendant argues that any reference to or evidence of the Merchant Bankcard Application ("the Application") should be excluded because it is a hearsay statement that has not been authenticated, under Federal Rules of Evidence 802 and 901. Plaintiff responds that the document is not being offered for the truth of the matter asserted. Instead, the document is being offered to prove that the assertions therein were made. Plaintiff further argues that Mr. Carr and one of BancInsure's trial witnesses has already testified as to the authenticity of the document

In *Anderson v. U.S.*, 417 U.S. 211, 221 n.8 (1974), the Supreme Court instructed that "evidence is not hearsay when it used only to prove that a prior statement was made and not to prove the truth of the statement." Here, Plaintiff seeks to admit the Application to prove the assertions therein were made, not to prove the truth of the assertions. Therefore, under *Anderson*, the Court concludes that the Application is not inadmissible hearsay and will be considered in the absence of any other lawful reason for its exclusion.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Exclude Plaintiff's Exhibit P1 [doc. #69] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine #1 regarding the former testimony of Robert Carr [doc. #71] is **GRANTED, in part**.

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine #2 regarding the expert opinion testimony of Christina Solomon, CPA, [doc. #73] is **DENIED**.

Dated this 5th day of March, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com